THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT
ROCKINGHAM COUNTY

I, Jennifer M. Haggar, Clerk of the Superior Court of the State of New Hampshire for the County of Rockingham, the same being a court of record having a seal, and having custody of the records of the said Superior Court, do hereby certify that the attached are true copies of the Complaint, Summons on Complaint, Affidavits of Service and Notices of Removal to Federal District Court in the action case # 218-2023-CV-00111 Helen Tomilson, Individually and as Administratrix of the Estate of James R. Tomilson v. Melvin Brownridge and P.A.M. Transportation Services, Inc. of said Superior Court.

In witness whereof I have hereunto set my hand and affixed the seal of said Superior Court at this 11ᵗʰ day of April A.D. 2023



Clerk of Superior Court

Filed
File Date: 3/17/2023 11:37 AM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                    SUPERIOR COURT
                                          Case No.: 218-2023-CV-00111

Helen Tomilson, Individually and as Administratrix of the Estate of James R. Tomilson
41 Harvey Road
Deerfield, NH 03037

v.

P.A.M. Transportation Services, Inc.
297 West Henri de Tonti Boulevard
Tontitown, AR 72770

And

Melvin Brownridge
1815 Helen Street
Cayce, SC 29033

True Copy Attest

Jennifer M. Haggar, Clerk of Court
April 11, 2023

## AFFIDAVIT OF MARK D. WISEMAN

Mark D. Wiseman, being first duly sworn, deposes and says:

1.      I am an attorney at the law firm of Cleveland, Waters and Bass, P.A., and I have personal knowledge of the following:

2.      Defendant Melvin Brownridge is a natural person with a place of residence of 424 Grantham Court, Spartanburg, South Carolina 29303-6754.

3.      On February 9, 2023, counsel for plaintiffs served Melvin Brownridge by serving process upon John C. Marasco, Director of the Division of Motor Vehicles, in conformity with NH RSA 260:68. Exhibit 1 (sheriff's completion of service).

4.      On March 7, 2023, counsel for plaintiffs mailed a copy of the complaint and process served upon John C. Marasco, Director of the Division of Motor Vehicles, to Melvin Brownridge at 424 Grantham Court, Spartanburg, South Carolina 29303-6754 by certified mail, return receipt requested. Exhibit 2 (postal receipt).

5.      According to the return receipt, "Stephanie B." accepted delivery on March 10, 2023. Exhibit 3 (return receipt).

This is a Service Document For Case: 218-2023-CV-00111
Rockingham Superior Court
4/11/2023 4:03 PM

Further, affiant sayeth naught.

Dated: March 17, 2023                    /s/ Mark D. Wiseman
                                         Mark D. Wiseman, Esquire


STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

        Personally appeared the person signing the above affidavit, and swore that it is true to the best of his knowledge and belief.

Dated: March 17, 2023                    /s/ Nancy L. Lagasse
                                         Justice of the Peace/~~Notary Public~~

**Merrimack County Sheriff's Office**
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600



MELVIN BROWNRIDGE
1815 HELEN ST
CAYCE, SC 29033


COMPLETION OF SERVICE


MERRIMACK, SS.                                    2/ 14 /23


   I, Deputy BRIAN J DEFRANZO, this date at __2:05__ a.m./p.m., summoned the
within named defendant MELVIN BROWNRIDGE as within commanded by leaving at
the office of John C. Marasco, Director of the Division of Motor Vehicles,
its true and lawful Attorney for the service of process under, and by
virtue of, Chapter 260:68, New Hampshire Revised Statutes Annotated, as
amended, a true and attested copy of this Summons and Complaint and I paid
the Division of Motor Vehicles, two dollars ($2.00) as his fee for
accepting service.


FEES

     Service      $30.30
     Postage        1.00
     Travel        15.00
     Pd to DMV      2.00
                  --------
TOTAL             $48.30


                          Deputy BRIAN J DEFRANZO
                     Merrimack County Sheriff's Office

**2**



U.S. Postal Service™  22188·001  Tomilson
**CERTIFIED MAIL® RECEIPT**  NDWI NLC
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 4.15

Extra Services & Fees *(check box, add fee as appropriate)*
☑ Return Receipt (hardcopy)          $  3.35
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required            $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$ 2.22
Total Postage and Fees
$ 9.72

Sent To
Mr. Melvin Brownridge
Street and Apt. No., or PO Box No.
424 Brantham Court
City, State, ZIP+4®
Spartanburg SC 29303-6754

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 0640 0000 7289 8197

**3**

22188-001 Tamilson

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _Stephanie Ba_     ☒ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
STEPHANIE B.

1. Article Addressed to:

Mr. Melvin Brownridge
424 Grantham Court
Spartanburg SC 29303 -6754

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

9590 9402 7992 2305 7593 47

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   (00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7020 0640 0000 7289 8197

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us



## SUMMONS IN A CIVIL ACTION

Case Name:    **Helen Tomilson, et al v P.A.M. Transportation Services, Inc., et al**
Case Number:    **218-2023-CV-00111**

Date Complaint Filed: January 24, 2023

A Complaint has been filed against Melvin Brownridge; P.A.M. Transportation Services, Inc. in this Court. A copy of the Complaint is attached.

### The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| March 16, 2023 | Helen Tomilson as Administratrix of the Estate of James R Tomilson; Helen Tomilson shall have this Summons and the attached Complaint served upon Melvin Brownridge; P.A.M. Transportation Services, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| April 06, 2023 | Helen Tomilson as Administratrix of the Estate of James R Tomilson; Helen Tomilson shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Melvin Brownridge; P.A.M. Transportation Services, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Melvin Brownridge; P.A.M. Transportation Services, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

Mark D. Wiseman, ESQ — Cleveland Waters and Bass PA 2 Capital Plz 5th Fl PO Box 1137 Concord NH  03302

P.A.M. Transportation Services, Inc. — 297 West Henri de Tonti Boulevard Tontitown AR  72770

Melvin Brownridge — 1815 Helen Street Cayce SC  29033

A TRUE COPY ATTEST

BY ORDER OF THE COURT

January 30, 2023

Jennifer M. Haggar
Clerk of Court

NHJB-2678-Se (07/01/2018)

This is a Service Document For Case: 218-2023-CV-00111
Rockingham Superior Court

E-Filed Docu

## THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.

218-2023-CV-00111

SUPERIOR COURT

**JURY TRIAL REQUESTED**

Helen Tomilson, Individually and as Administratrix of the Estate of James R. Tomilson
41 Harvey Road
Deerfield, NH 03037

v.

P.A.M. Transportation Services, Inc.
297 West Henri de Tonti Boulevard
Tontitown, AR 72770

And

Melvin Brownridge
1815 Helen Street
Cayce, SC 29033

## COMPLAINT

NOW COMES the Plaintiff, Helen Tomilson, individually and Administratrix of the Estate of James R. Tomilson, by and through her attorneys, The Law Office of Patrick J. Devine, P.C. and Cleveland, Waters and Bass, P.A., and hereby complains against P.A.M. Transportation Services, Inc. ("P.A.M.") and Melvin Brownridge and states as follows:

### PRELIMINARY STATEMENT

1.     This is an action brought by the Plaintiff seeking compensation for injuries and damages sustained as a result of the negligence of the Defendants which resulted in the horrific death of fifty-four-year-old James Tomilson.

1

## PARTIES AND JURISDICTION

2.    The Plaintiff, Helen Tomilson, in her individual capacity and as Administratrix of the Estate of James R. Tomilson, resides at 41 Harvey Road in Deerfield, New Hampshire.

3.    The Defendant, P.A.M., is a Delaware corporation with a principal place of business at 297 West Henri de Tonti Boulevard in Tontitown, Arkansas.

4.    Upon information and belief, P.A.M. provides trucking and transportation services in New Hampshire.

5.    The Defendant, Melvin Brownridge, resides at 1815 Helen Street in Cayce, South Carolina.

6.    This Court's exercise of jurisdiction over the subject matter of this lawsuit is proper pursuant to RSA 491:7.

7.    Venue lies within Superior Court of Rockingham County pursuant to RSA 507:9 because the Plaintiff resides in Rockingham County.

## FACTS

8.    In September of 2021, James Tomilson was employed at a Wal-Mart Distribution Center ("the Property") located at 42 Freetown Road in Raymond, New Hampshire.

9.    On the morning of September 16, 2021, Mr. Tomilson was working at the Wal-Mart guard gate inspecting delivery trucks as they departed from the Property.

10.    On this particular morning, there were two trucks parked at the guard gate forming a line.  Mr. Tomilson was in the process of inspecting the first delivery truck in

2

line ("the Lead Truck.") There was also a truck located behind the Lead Truck ("the Rear Truck.")

11.     Upon information and belief, the Rear Truck was owned and/or leased by P.A.M. and operated by the Defendant, Melvin Brownridge.

12.     Mr. Tomilson was in the process of walking behind the Lead Truck to perform his inspection. At the same time, Mr. Brownridge had failed to put the Rear Truck in park and was not paying attention. Mr. Brownridge released his foot from the brake which caused the Rear Truck to accelerate into Mr. Tomilson's body, and pin and/or crush him.

13.     After the collision, emergency personnel arrived and tended to Mr. Tomilson. At that time, Mr. Tomilson was still alive, albeit in unimaginable pain. Emergency personnel indicated that his injuries were consistent with crushing injuries to his chest and legs.

14.     Mr. Tomilson's injuries were so extensive that emergency personnel determined he would not survive the drive to the hospital, and they continued lifesaving measures at the Property. He ultimately succumbed to his injuries and was pronounced dead later that morning.

### COUNT I – NEGLIGENCE (Melvin Brownridge)

15.     The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

16.     Melvin Brownridge owed a duty to James Tomilson to exercise reasonable care, to maintain control of his truck, to pay attention to the roadway and/or parking lot and exercise caution while operating a large commercial truck, and to operate in a

3

reasonable, safe manner, so that he did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers.

17.    Mr. Brownridge breached this duty and failed to exercise reasonable care when he, among other things, failed to maintain control of his truck, to pay attention to the roadway and/or parking lot and exercise caution while operating a large commercial truck, and to operate in a reasonable, safe manner, so that others, including Mr. Tomilson, would not be injured or killed. These breaches presented a foreseeable danger of death or injury to others.

18.    As a direct and proximate result of the Defendant's breached duties by failing to maintain control of a large commercial truck, Mr. Tomilson suffered fatal injuries.

19.    As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the imposing collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

20.    Wherefore, the Plaintiff demands judgment against Mr. Brownridge in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

## COUNT II-NEGLIGENCE *PER SE* (Melvin Brownridge)

21.    The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

4

22.    Mr. Brownridge had a duty to comply with NH RSA 265:79-b, which requires the operator of a motor vehicle to exercise caution to not drive in a manner which endangers another.

23.    As a pedestrian, Mr. Tomilson belonged to the class of persons that the aforementioned statute was designed to protect.

24.    The harm inflicted on Mr. Tomilson by Mr. Brownridge's negligent driving is the type of harm that RSA 265:79-b was designed to prevent.

25.    Mr. Brownridge violated the law and breached his duty when he failed to exercise caution, and to not drive in a manner which endangers another, especially considering the potential and actual hazards of the large vehicle he was operating. Mr. Brownridge also violated the law and breached his duty when he failed to drive lawfully and carefully in compliance with New Hampshire laws so that other persons in his line of travel would not be injured.

26.    As a direct and proximate result of the Defendant's breached duties, Mr. Tomilson suffered injuries which caused his death.

27.    As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

28.     Accordingly, the Plaintiff demands judgment against Mr. Brownridge in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court..

## COUNT III – NEGLIGENCE (P.A.M.)

29.     P.A.M. owed a duty to James Tomilson to exercise reasonable care in training its employees, to ensure its employees operate safely on the roadway and/or parking lot, to ensure its employees complied with all applicable motor vehicle statutes, and to ensure that its drivers did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers on the roadway and/or parking lot.

30.     P.A.M., acting by and through its employees and agents, breached this duty and failed to exercise reasonable care when it, among other things,  failed to property train Mr. Brownridge to operate safely on the roadway and/or parking lot, to ensure Mr. Brownridge did not operate a P.A.M. vehicle in a negligent manner, and to ensure that Mr. Brownridge did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers on the roadway and/or parking lot, all of which presented a foreseeable danger of death of a pedestrian encountering Mr. Brownridge on the roadway and/or parking lot.

31.     As a direct and proximate result of P.A.M.'s breach of duty, Mr. Tomilson was crushed to death by a vehicle operated by a P.A.M. employee in a manner that constituted negligence. As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the

6

complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

32.    Accordingly, the Plaintiff demands judgment against P.A.M. in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### COUNT IV-*RESPONDEAT SUPERIOR* (P.A.M.)

33.    The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

34.    The conduct of Defendant, Melvin Brownridge, alleged herein was within the course and scope of his employment or agency relationship with P.A.M.

35.    P.A.M. is vicariously liable under the doctrine of *respondeat superior* for the negligence of its agents and employees, including, without limitation, the Defendant, Melvin Brownridge, committed incidental to and/or within the scope of his employment or agency relationship, including, without limitation, when Mr. Brownridge failed to exercise caution to not drive in a manner which endangers another, especially considering the potential and actual hazards of the large vehicle and failed to operate his vehicle in a reasonable, safe manner and otherwise drive lawfully and carefully so that other persons, including Mr. Tomilson, would not be injured or killed.

36.    As a direct and proximate result of the Defendant's breached duties, Mr. Tomilson suffered injuries which caused his death.

37.    As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior

7

to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

38.     Accordingly, the Plaintiff demands judgment against P.A.M. in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### COUNT V – LOSS OF CONSORTIUM (Melvin Brownridge and P.A.M.)

39.     The Plaintiff re-alleges and incorporate the facts contained in the above paragraphs as if fully set forth herein.

40.     The Plaintiff, Helen Tomilson, has been at all relevant times the legal wife of James Tomilson.

41.     As a direct and proximate result of the negligence of the Defendants, as set forth in the above paragraphs, and as a result of the injuries sustained by her husband and his subsequent death, Helen Tomilson has suffered a loss of society, companionship, services, and relations of her husband, and seeks damages in an amount sufficient to invoke the jurisdiction of this Court.

42.     Accordingly, the Plaintiff demands judgment against the Defendants in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### JURY TRIAL

The Plaintiff demands a jury trial under New Hampshire law.

8

Respectfully submitted,
Helen Tomilson, individually and
as Administratrix of the Estate of James R. Tomilson

By Her Attorneys,
Law Office of Patrick J. Devine, P.C. and
Cleveland, Waters and Bass, P.A.

Date:  January 24, 2023          /s/ Patrick J. Devine
                                 Patrick J. Devine, Esquire (NH Bar 632)
                                 Law Office of Patrick J. Devine, P.C.
                                 4 Center Circle, P.O. Box 295
                                 Plaistow, NH  03865
                                 (603) 382-6577

Date:  January 24, 2023          /s/ Mark D. Wiseman
                                 Mark D. Wiseman, Esquire (NH Bar 2771)
                                 Two Capital Plaza, 5th Floor
                                 P.O. Box 1137
                                 Concord, NH  03302-1137
                                 (603) 224-7761

9

Filed
File Date: 3/17/2023 11:35 AM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                    SUPERIOR COURT
                                    Case No.: 218-2023-CV-00111

Helen Tomilson, Individually and as Administratrix of the Estate of James R. Tomilson
41 Harvey Road
Deerfield, NH 03037

v.

P.A.M. Transportation Services, Inc.
297 West Henri de Tonti Boulevard
Tontitown, AR 72770

And                          True Copy Attest

Melvin Brownridge
1815 Helen Street           Jennifer M. Haggar, Clerk of Court
Cayce, SC 29033                    April 11, 2023

### AFFIDAVIT OF MARK D. WISEMAN

Mark D. Wiseman, being first duly sworn, deposes and says:

1.      I am an attorney at the law firm of Cleveland, Waters and Bass, P.A., and I have personal knowledge of the following:

2.      Defendant P.A.M. Transportation Services, Inc. is a Delaware corporation with a principal place of Business of 297 West Henri de Tonti Boulevard in Tontitown, Arkansas 72770.

3.      On February 9, 2023, counsel for plaintiffs served P.A.M. Transportation Services, Inc. by serving process upon the Secretary of State, in conformity with NH RSA 510:4. Exhibit 1 (sheriff's completion of service).

4.      On February 23, 2023, counsel for plaintiffs mailed a copy of the complaint and process served upon the Secretary of State, to P.A.M. Transportation Services, Inc. at 297 West Henri de Tonti Boulevard in Tontitown, Arkansas 72770 by certified mail, return receipt requested. Exhibit 2 (postal receipt).

5.      According to the return receipt, "Sarah Stewart" accepted delivery. Exhibit 3 (return receipt).

6.      According to the online USPS Tracking tool, the delivery was accepted on February 27, 2023. Exhibit 4 (USPS Tracking tool information).

1

Further, affiant sayeth naught.

Dated: March 17, 2023                          /s/ Mark D. Wiseman
                                               Mark D. Wiseman, Esquire


STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

    Personally appeared the person signing the above affidavit, and swore that it is true to the best of his knowledge and belief.

Dated: March 17, 2023                          /s/ Nancy L. Lagasse
                                               Justice of the Peace/Notary Public

2

# Merrimack County Sheriff's Office
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600



P.A.M. TRANSPORTATION SERVICES, INC
297 W HENRI DE TONTI BLVD
TONTITOWN, AR 72770

### AFFIDAVIT OF SERVICE

MERRIMACK, SS.                                  2/14/23

    I, Deputy BRIAN J DEFRANZO, this date at   1:25   a.m./p.m., summoned the within named defendant P.A.M. TRANSPORTATION SERVICES, INC as within commanded by leaving at the office of David Scanlan, Secretary of State of New Hampshire, its true and lawful Attorney for the service of process under, and by virtue of, Chapter 510:4, New Hampshire Revised Statutes Annotated, as amended, a true and attested copy of this Summons and Complaint, and I paid the Secretary of State ten ($10.00) dollars as his fee for accepting service.

FEES

| | |
|---|---|
| Service | $30.30 |
| Postage | 1.00 |
| Travel | 15.00 |
| PD to SOS | 10.00 |
| TOTAL | $56.30 |

Deputy BRIAN J DEFRANZO
Merrimack County Sheriff's Office

**2**



U.S. Postal Service™ 22188-001 Tonilsa
CERTIFIED MAIL® RECEIPT now poll
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 4.15

Extra Services & Fees *(check box, add fee as appropriate)*
☑ Return Receipt (hardcopy)        $ 3.35
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery  $ _____        Postmark
☐ Adult Signature Required         $ _____         Here
☐ Adult Signature Restricted Delivery $ _____

Postage
$ 2.22

Total Postage and Fees
$ 9.72

Sent To
P.A.M. Transportation Service, Inc.
*Street and Apt. No., or PO Box No.*
297 West Henride Tonti Blvd
*City, State, ZIP+4*
Pontitown AR 72770

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 0640 0000 7290 1583

**3**

22188 001 Tomilsmn

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent<br>☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery<br>Sarah Stewart |
| 1. Article Addressed to:<br>P.A. M. Transportation Services, hdc<br>297 west Henri de Tonti Blvd<br>Tontitown AR 72770 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:   ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7717 2152 7213 76 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>Mail Restricted Delivery<br>00) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7020 0640 0000 7290 1583 | |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |



## CLEVELAND, WATERS AND BASS, P.A.
### ATTORNEYS AT LAW

MARK D. WISEMAN, ESQUIRE
(603) 224-7761 EXT. 1017
(603) 224-6457 FACSIMILE
WISEMANM@CWBPA.COM

TWO CAPITAL PLAZA, P.O. BOX 1137
CONCORD, NEW HAMPSHIRE 03302-1137

February 23, 2023

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**7020 0640 0000 7290 1583**

P.A.M. Transportation Services, Inc.
297 West Henri de Tonti Boulevard
Tontitown, AR  72770

      **Re:**    **Helen Tomilson, et al. v P.A.M. Transportation Services, Inc., et al.**
              **Case No.: 218-2023-CV-00111**

Dear Sir or Madam:

      Enclosed please find a copy of the service of process made upon the New Hampshire Secretary of State in the above-captioned matter. You are a named defendant in the above-captioned matter.

               Very truly yours,

               Mark D. Wiseman

MDW/kcm
Enclosures

cc:    Patrick J. Devine, Esquire



DOCKETED

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:    **Helen Tomilson, et al v P.A.M. Transportation Services, Inc., et al**
Case Number:    **218-2023-CV-00111**

Date Complaint Filed: January 24, 2023

A Complaint has been filed against Melvin Brownridge; P.A.M. Transportation Services, Inc. in this Court. A copy of the Complaint is attached.

### The Court ORDERS that ON OR BEFORE:

March 16, 2023
Helen Tomilson as Administratrix of the Estate of James R Tomilson; Helen Tomilson shall have this Summons and the attached Complaint served upon Melvin Brownridge; P.A.M. Transportation Services, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law.

April 06, 2023
Helen Tomilson as Administratrix of the Estate of James R Tomilson; Helen Tomilson shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice.

30 days after Defendant is served
Melvin Brownridge; P.A.M. Transportation Services, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below.

**Notice to Melvin Brownridge; P.A.M. Transportation Services, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
Mark D. Wiseman, ESQ        Cleveland Waters and Bass PA 2 Capital Plz 5th Fl PO Box 1137 Concord NH  03302

P.A.M. Transportation        297 West Henri de Tonti Boulevard Tontitown AR  72770
Services, Inc.

Melvin Brownridge        1815 Helen Street Cayce SC  29033

A TRUE COPY

BY ORDER OF THE COURT

January 30, 2023

Jennifer M. Haggar
Clerk of Court

NHJB-2678-Se (07/01/2018)

This is a Service Document For Case: 218-2023-CV-00111
Rockingham Superior Court

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                                    SUPERIOR COURT
                              218-2023-CV-00111
                                                            **JURY TRIAL REQUESTED**

Helen Tomilson, Individually and as Administratrix of the Estate of James R. Tomilson
41 Harvey Road
Deerfield, NH 03037

v.

P.A.M. Transportation Services, Inc.
297 West Henri de Tonti Boulevard
Tontitown, AR 72770

And

Melvin Brownridge
1815 Helen Street
Cayce, SC 29033

## **COMPLAINT**

NOW COMES the Plaintiff, Helen Tomilson, individually and Administratrix of the
Estate of James R. Tomilson, by and through her attorneys, The Law Office of Patrick J.
Devine, P.C. and Cleveland, Waters and Bass, P.A., and hereby complains against
P.A.M. Transportation Services, Inc. ("P.A.M.") and Melvin Brownridge and states as
follows:

## **PRELIMINARY STATEMENT**

1.      This is an action brought by the Plaintiff seeking compensation for injuries
and damages sustained as a result of the negligence of the Defendants which resulted in
the horrific death of fifty-four-year-old James Tomilson.

1

## PARTIES AND JURISDICTION

2.     The Plaintiff, Helen Tomilson, in her individual capacity and as Administratrix of the Estate of James R. Tomilson, resides at 41 Harvey Road in Deerfield, New Hampshire.

3.     The Defendant, P.A.M., is a Delaware corporation with a principal place of business at 297 West Henri de Tonti Boulevard in Tontitown, Arkansas.

4.     Upon information and belief, P.A.M. provides trucking and transportation services in New Hampshire.

5.     The Defendant, Melvin Brownridge, resides at 1815 Helen Street in Cayce, South Carolina.

6.     This Court's exercise of jurisdiction over the subject matter of this lawsuit is proper pursuant to RSA 491:7.

7.     Venue lies within Superior Court of Rockingham County pursuant to RSA 507:9 because the Plaintiff resides in Rockingham County.

## FACTS

8.     In September of 2021, James Tomilson was employed at a Wal-Mart Distribution Center ("the Property") located at 42 Freetown Road in Raymond, New Hampshire.

9.     On the morning of September 16, 2021, Mr. Tomilson was working at the Wal-Mart guard gate inspecting delivery trucks as they departed from the Property.

10.     On this particular morning, there were two trucks parked at the guard gate forming a line.  Mr. Tomilson was in the process of inspecting the first delivery truck in

2

line ("the Lead Truck.") There was also a truck located behind the Lead Truck ("the Rear Truck.")

11.    Upon information and belief, the Rear Truck was owned and/or leased by P.A.M. and operated by the Defendant, Melvin Brownridge.

12.    Mr. Tomilson was in the process of walking behind the Lead Truck to perform his inspection. At the same time, Mr. Brownridge had failed to put the Rear Truck in park and was not paying attention. Mr. Brownridge released his foot from the brake which caused the Rear Truck to accelerate into Mr. Tomilson's body, and pin and/or crush him.

13.    After the collision, emergency personnel arrived and tended to Mr. Tomilson. At that time, Mr. Tomilson was still alive, albeit in unimaginable pain. Emergency personnel indicated that his injuries were consistent with crushing injuries to his chest and legs.

14.    Mr. Tomilson's injuries were so extensive that emergency personnel determined he would not survive the drive to the hospital, and they continued lifesaving measures at the Property. He ultimately succumbed to his injuries and was pronounced dead later that morning.

## COUNT I – NEGLIGENCE (Melvin Brownridge)

15.    The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

16.    Melvin Brownridge owed a duty to James Tomilson to exercise reasonable care, to maintain control of his truck, to pay attention to the roadway and/or parking lot and exercise caution while operating a large commercial truck, and to operate in a

3

reasonable, safe manner, so that he did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers.

17.     Mr. Brownridge breached this duty and failed to exercise reasonable care when he, among other things, failed to maintain control of his truck, to pay attention to the roadway and/or parking lot and exercise caution while operating a large commercial truck, and to operate in a reasonable, safe manner, so that others, including Mr. Tomilson, would not be injured or killed. These breaches presented a foreseeable danger of death or injury to others.

18.     As a direct and proximate result of the Defendant's breached duties by failing to maintain control of a large commercial truck, Mr. Tomilson suffered fatal injuries.

19.     As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the imposing collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

20.     Wherefore, the Plaintiff demands judgment against Mr. Brownridge in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### COUNT II-NEGLIGENCE *PER SE* (Melvin Brownridge)

21.     The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

22.     Mr. Brownridge had a duty to comply with NH RSA 265:79-b, which requires the operator of a motor vehicle to exercise caution to not drive in a manner which endangers another.

23.     As a pedestrian, Mr. Tomilson belonged to the class of persons that the aforementioned statute was designed to protect.

24.     The harm inflicted on Mr. Tomilson by Mr. Brownridge's negligent driving is the type of harm that RSA 265:79-b was designed to prevent.

25.     Mr. Brownridge violated the law and breached his duty when he failed to exercise caution, and to not drive in a manner which endangers another, especially considering the potential and actual hazards of the large vehicle he was operating. Mr. Brownridge also violated the law and breached his duty when he failed to drive lawfully and carefully in compliance with New Hampshire laws so that other persons in his line of travel would not be injured.

26.     As a direct and proximate result of the Defendant's breached duties, Mr. Tomilson suffered injuries which caused his death.

27.     As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

28.    Accordingly, the Plaintiff demands judgment against Mr. Brownridge in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court..

## COUNT III – NEGLIGENCE (P.A.M.)

29.    P.A.M. owed a duty to James Tomilson to exercise reasonable care in training its employees, to ensure its employees operate safely on the roadway and/or parking lot, to ensure its employees complied with all applicable motor vehicle statutes, and to ensure that its drivers did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers on the roadway and/or parking lot.

30.    P.A.M., acting by and through its employees and agents, breached this duty and failed to exercise reasonable care when it, among other things, failed to property train Mr. Brownridge to operate safely on the roadway and/or parking lot, to ensure Mr. Brownridge did not operate a P.A.M. vehicle in a negligent manner, and to ensure that Mr. Brownridge did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers on the roadway and/or parking lot, all of which presented a foreseeable danger of death of a pedestrian encountering Mr. Brownridge on the roadway and/or parking lot.

31.    As a direct and proximate result of P.A.M.'s breach of duty, Mr. Tomilson was crushed to death by a vehicle operated by a P.A.M. employee in a manner that constituted negligence. As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the

6

complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

32.     Accordingly, the Plaintiff demands judgment against P.A.M. in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

## COUNT IV-*RESPONDEAT SUPERIOR* (P.A.M.)

33.     The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

34.     The conduct of Defendant, Melvin Brownridge, alleged herein was within the course and scope of his employment or agency relationship with P.A.M.

35.     P.A.M. is vicariously liable under the doctrine of *respondeat superior* for the negligence of its agents and employees, including, without limitation, the Defendant, Melvin Brownridge, committed incidental to and/or within the scope of his employment or agency relationship, including, without limitation, when Mr. Brownridge failed to exercise caution to not drive in a manner which endangers another, especially considering the potential and actual hazards of the large vehicle and failed to operate his vehicle in a reasonable, safe manner and otherwise drive lawfully and carefully so that other persons, including Mr. Tomilson, would not be injured or killed.

36.     As a direct and proximate result of the Defendant's breached duties, Mr. Tomilson suffered injuries which caused his death.

37.     As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior

to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

38.     Accordingly, the Plaintiff demands judgment against P.A.M. in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### COUNT V – LOSS OF CONSORTIUM (Melvin Brownridge and P.A.M.)

39.     The Plaintiff re-alleges and incorporate the facts contained in the above paragraphs as if fully set forth herein.

40.     The Plaintiff, Helen Tomilson, has been at all relevant times the legal wife of James Tomilson.

41.     As a direct and proximate result of the negligence of the Defendants, as set forth in the above paragraphs, and as a result of the injuries sustained by her husband and his subsequent death, Helen Tomilson has suffered a loss of society, companionship, services, and relations of her husband, and seeks damages in an amount sufficient to invoke the jurisdiction of this Court.

42.     Accordingly, the Plaintiff demands judgment against the Defendants in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### JURY TRIAL

The Plaintiff demands a jury trial under New Hampshire law.

8

Respectfully submitted,
Helen Tomilson, individually and
as Administratrix of the Estate of James R. Tomilson

By Her Attorneys,
Law Office of Patrick J. Devine, P.C. and
Cleveland, Waters and Bass, P.A.

Date:  January 24, 2023      /s/ Patrick J. Devine
                             Patrick J. Devine, Esquire (NH Bar 632)
                             Law Office of Patrick J. Devine, P.C.
                             4 Center Circle, P.O. Box 295
                             Plaistow, NH  03865
                             (603) 382-6577

Date:  January 24, 2023      /s/ Mark D. Wiseman
                             Mark D. Wiseman, Esquire (NH Bar 2771)
                             Two Capital Plaza, 5th Floor
                             P.O. Box 1137
                             Concord, NH  03302-1137
                             (603) 224-7761

9

Filed
File Date: 1/24/2023 11:48 AM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                              SUPERIOR COURT
                        218-2023-CV-00111

                                              **JURY TRIAL REQUESTED**

Helen Tomilson, Individually and as Administratrix of the Estate of James R. Tomilson
41 Harvey Road
Deerfield, NH 03037

v.

P.A.M. Transportation Services, Inc.
297 West Henri de Tonti Boulevard
Tontitown, AR 72770

True Copy Attest

And

Melvin Brownridge
1815 Helen Street
Cayce, SC 29033

Jennifer M. Haggar, Clerk of Court

April 11, 2023

**COMPLAINT**

NOW COMES the Plaintiff, Helen Tomilson, individually and Administratrix of the Estate of James R. Tomilson, by and through her attorneys, The Law Office of Patrick J. Devine, P.C. and Cleveland, Waters and Bass, P.A., and hereby complains against P.A.M. Transportation Services, Inc. ("P.A.M.") and Melvin Brownridge and states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action brought by the Plaintiff seeking compensation for injuries and damages sustained as a result of the negligence of the Defendants which resulted in the horrific death of fifty-four-year-old James Tomilson.

1

**PARTIES AND JURISDICTION**

2.      The Plaintiff, Helen Tomilson, in her individual capacity and as Administratrix of the Estate of James R. Tomilson, resides at 41 Harvey Road in Deerfield, New Hampshire.

3.      The Defendant, P.A.M., is a Delaware corporation with a principal place of business at 297 West Henri de Tonti Boulevard in Tontitown, Arkansas.

4.      Upon information and belief, P.A.M. provides trucking and transportation services in New Hampshire.

5.      The Defendant, Melvin Brownridge, resides at 1815 Helen Street in Cayce, South Carolina.

6.      This Court's exercise of jurisdiction over the subject matter of this lawsuit is proper pursuant to RSA 491:7.

7.      Venue lies within Superior Court of Rockingham County pursuant to RSA 507:9 because the Plaintiff resides in Rockingham County.

**FACTS**

8.      In September of 2021, James Tomilson was employed at a Wal-Mart Distribution Center ("the Property") located at 42 Freetown Road in Raymond, New Hampshire.

9.      On the morning of September 16, 2021, Mr. Tomilson was working at the Wal-Mart guard gate inspecting delivery trucks as they departed from the Property.

10.     On this particular morning, there were two trucks parked at the guard gate forming a line.  Mr. Tomilson was in the process of inspecting the first delivery truck in

line ("the Lead Truck.") There was also a truck located behind the Lead Truck ("the Rear Truck.")

11.    Upon information and belief, the Rear Truck was owned and/or leased by P.A.M. and operated by the Defendant, Melvin Brownridge.

12.    Mr. Tomilson was in the process of walking behind the Lead Truck to perform his inspection. At the same time, Mr. Brownridge had failed to put the Rear Truck in park and was not paying attention. Mr. Brownridge released his foot from the brake which caused the Rear Truck to accelerate into Mr. Tomilson's body, and pin and/or crush him.

13.    After the collision, emergency personnel arrived and tended to Mr. Tomilson. At that time, Mr. Tomilson was still alive, albeit in unimaginable pain. Emergency personnel indicated that his injuries were consistent with crushing injuries to his chest and legs.

14.    Mr. Tomilson's injuries were so extensive that emergency personnel determined he would not survive the drive to the hospital, and they continued lifesaving measures at the Property. He ultimately succumbed to his injuries and was pronounced dead later that morning.

## COUNT I – NEGLIGENCE (Melvin Brownridge)

15.    The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

16.    Melvin Brownridge owed a duty to James Tomilson to exercise reasonable care, to maintain control of his truck, to pay attention to the roadway and/or parking lot and exercise caution while operating a large commercial truck, and to operate in a

reasonable, safe manner, so that he did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers.

17.     Mr. Brownridge breached this duty and failed to exercise reasonable care when he, among other things, failed to maintain control of his truck, to pay attention to the roadway and/or parking lot and exercise caution while operating a large commercial truck, and to operate in a reasonable, safe manner, so that others, including Mr. Tomilson, would not be injured or killed. These breaches presented a foreseeable danger of death or injury to others.

18.     As a direct and proximate result of the Defendant's breached duties by failing to maintain control of a large commercial truck, Mr. Tomilson suffered fatal injuries.

19.     As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the imposing collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

20.     Wherefore, the Plaintiff demands judgment against Mr. Brownridge in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### COUNT II-NEGLIGENCE *PER SE* (Melvin Brownridge)

21.     The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

4

22.    Mr. Brownridge had a duty to comply with NH RSA 265:79-b, which requires the operator of a motor vehicle to exercise caution to not drive in a manner which endangers another.

23.    As a pedestrian, Mr. Tomilson belonged to the class of persons that the aforementioned statute was designed to protect.

24.    The harm inflicted on Mr. Tomilson by Mr. Brownridge's negligent driving is the type of harm that RSA 265:79-b was designed to prevent.

25.    Mr. Brownridge violated the law and breached his duty when he failed to exercise caution, and to not drive in a manner which endangers another, especially considering the potential and actual hazards of the large vehicle he was operating. Mr. Brownridge also violated the law and breached his duty when he failed to drive lawfully and carefully in compliance with New Hampshire laws so that other persons in his line of travel would not be injured.

26.    As a direct and proximate result of the Defendant's breached duties, Mr. Tomilson suffered injuries which caused his death.

27.    As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

28.     Accordingly, the Plaintiff demands judgment against Mr. Brownridge in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court..

## COUNT III – NEGLIGENCE (P.A.M.)

29.     P.A.M. owed a duty to James Tomilson to exercise reasonable care in training its employees, to ensure its employees operate safely on the roadway and/or parking lot, to ensure its employees complied with all applicable motor vehicle statutes, and to ensure that its drivers did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers on the roadway and/or parking lot.

30.     P.A.M., acting by and through its employees and agents, breached this duty and failed to exercise reasonable care when it, among other things,  failed to property train Mr. Brownridge to operate safely on the roadway and/or parking lot, to ensure Mr. Brownridge did not operate a P.A.M. vehicle in a negligent manner, and to ensure that Mr. Brownridge did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers on the roadway and/or parking lot, all of which presented a foreseeable danger of death of a pedestrian encountering Mr. Brownridge on the roadway and/or parking lot.

31.     As a direct and proximate result of P.A.M.'s breach of duty, Mr. Tomilson was crushed to death by a vehicle operated by a P.A.M. employee in a manner that constituted negligence. As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the

complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

32.    Accordingly, the Plaintiff demands judgment against P.A.M. in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

**COUNT IV-*RESPONDEAT SUPERIOR* (P.A.M.)**

33.    The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

34.    The conduct of Defendant, Melvin Brownridge, alleged herein was within the course and scope of his employment or agency relationship with P.A.M.

35.    P.A.M. is vicariously liable under the doctrine of *respondeat superior* for the negligence of its agents and employees, including, without limitation, the Defendant, Melvin Brownridge, committed incidental to and/or within the scope of his employment or agency relationship, including, without limitation, when Mr. Brownridge failed to exercise caution to not drive in a manner which endangers another, especially considering the potential and actual hazards of the large vehicle and failed to operate his vehicle in a reasonable, safe manner and otherwise drive lawfully and carefully so that other persons, including Mr. Tomilson, would not be injured or killed.

36.    As a direct and proximate result of the Defendant's breached duties, Mr. Tomilson suffered injuries which caused his death.

37.    As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior

to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

38.     Accordingly, the Plaintiff demands judgment against P.A.M. in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### <u>COUNT V – LOSS OF CONSORTIUM (Melvin Brownridge and P.A.M.)</u>

39.     The Plaintiff re-alleges and incorporate the facts contained in the above paragraphs as if fully set forth herein.

40.     The Plaintiff, Helen Tomilson, has been at all relevant times the legal wife of James Tomilson.

41.     As a direct and proximate result of the negligence of the Defendants, as set forth in the above paragraphs, and as a result of the injuries sustained by her husband and his subsequent death, Helen Tomilson has suffered a loss of society, companionship, services, and relations of her husband, and seeks damages in an amount sufficient to invoke the jurisdiction of this Court.

42.     Accordingly, the Plaintiff demands judgment against the Defendants in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### <u>JURY TRIAL</u>

The Plaintiff demands a jury trial under New Hampshire law.

Respectfully submitted,
Helen Tomilson, individually and
as Administratrix of the Estate of James R. Tomilson

By Her Attorneys,
Law Office of Patrick J. Devine, P.C. and
Cleveland, Waters and Bass, P.A.


Date:  January 24, 2023          /s/ Patrick J. Devine

                                 Patrick J. Devine, Esquire (NH Bar 632)
                                 Law Office of Patrick J. Devine, P.C.
                                 4 Center Circle, P.O. Box 295
                                 Plaistow, NH  03865
                                 (603) 382-6577


Date:  January 24, 2023          /s/ Mark D. Wiseman

                                 Mark D. Wiseman, Esquire (NH Bar 2771)
                                 Two Capital Plaza, 5th Floor
                                 P.O. Box 1137
                                 Concord, NH  03302-1137
                                 (603) 224-7761

Filed
File Date: 3/29/2023 12:21 PM
Rockingham Superior Court
E-Filed Document

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
SUPERIOR COURT

HELEN TOMILSON, individually and as )
ADMINSTRATRIX of THE ESTATE OF JAMES )
R. TOMILSON )
        Plaintiff, )
)
v. )
)
P.A.M TRANSPORTATION SERVICES, INC. )
and MELVIN BROWNRIDGE )
        Defendants. )

True Copy Attest

Jennifer M. Haggar, Clerk of Court

April 11, 2023

C.A NO. 1:23-cv-0211

**DEFENDANTS PAM TRANSPORT, INC.'S, INCORRECTLY NAMED AS
P.A.M. TRANSPORTATION SERVICES, INC., AND
MELVIN BROWNRIDGE'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446, the Defendants, PAM Transport, Inc., incorrectly named as P.A.M Transportation Services, Inc. ("PAM") and Melvin Brownridge ("Brownridge"), (collectively, "Defendants") by and through their attorney, submit this Notice of Removal:

1.    The Plaintiff, Helen Tomilson, individually, and as Administratrix of the Estate of James R. Tomilson ("Plaintiff") and the Defendants, PAM and Brownridge are parties to the civil action entitled *Helen Tomilson, individually, and as Adminstratrix of the Estate of James R. Tomilson v. P.A.M Transportation Services, Inc., and Melvin Brownridge.* Rockingham County Superior Court, Civil Action No. 218-2023-CV-00111. PAM was served with a copy of the Summons and Complaint on February 27, 2023. Mr. Brownridge was served with the Summons and Complaint on March 10, 2023. A copy of the Complaint is attached as **Exhibit A**.

2.    This case is removable pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is more than $75,000.

3.       Plaintiff is a resident of New Hampshire. See Ex. A ¶ 1. P.A.M Transportation Services, Inc. is a Delaware corporation with a principal place of business at 297 West Henri de Tonti Boulevard in Tontitown, Arkansas. Id. ¶ 2. PAM Transport, Inc. is an Arkansas corporation with a principal place of business at 297 West Henri de Tonti Boulevard in Tontitown, Arkansas. Defendant Brownridge is a resident of South Carolina. Id. ¶ 3.

4.       Plaintiff seeks damages resulting from a fatal incident involving her husband, James Tomilson that occurred at a Walmart distribution center in Raymond, New Hampshire on September 16, 2021. Plaintiff alleges several claims against Defendants including negligence, respondeat superior, and loss of consortium. Id. ¶ 5. While no damages have been listed in the Civil Action Cover Sheet, given the allegations, Plaintiff's claims have alleged damages that exceed the amount in controversy of $75,000.

5.       Defendants desire to remove this action to the District of New Hampshire, the district court for the district within which the action is now pending. 28 U.S.C. § 1446(a).

6.       After the filing of this Notice of Removal, Defendants' counsel (a) will give written notice of the filing of this Notice of Removal to Plaintiff's counsel; (b) will file a copy of this Notice of Removal with the Clerk of the Rockingham County Superior Court; and (c) will file certified copies of the pleadings filed with the Rockingham County Superior Court with this Court.

WHEREFORE, Defendants respectfully request that this Honorable Court remove the action now pending in the Rockingham County Superior Court to this Court.

Dated:  March 28, 2023

                                                    Defendants,
                                                    PAM TRANSPORT, INC., incorrectly named as
                                                    P.A.M TRANSPORTATION SERVICES, INC.
                                                    and MELVIN BROWRIDGE

                                                    By their attorney,

/s/ Andrew J. Fay
Andrew J. Fay, NH Bar No. 21005
FAY LAW GROUP, LLC
One Boston Place, 26th Floor
Boston, Massachusetts 02108
T: 617.826.6006
F: 617.941.7100
AFay@FayLawGrp.com

**CERTIFICATE OF SERVICE**

I, Andrew J. Fay, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via First Class Mail and/or electronic mail to those identified as non-participants on this date, March 28, 2023.


Patrick J. Devine, Esq.
Law Office of Patrick J. Devine, P.C.
4 Center Circle, P.O Box 295
Plaistow, NH 02865

Mark D. Wiseman, Esq.
Cleveland, Waters and Bass, P.A
Two Capital Plaza, 5th Floor
P.O. Box 1137
Concord, NH 03302


/s/ Andrew J. Fay
Andrew J. Fay

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
SUPERIOR COURT

_____ )
                                          )
HELEN TOMILSON, individually and as       )
ADMINSTRATRIX of THE ESTATE OF JAMES )
R. TOMILSON                               )
           Plaintiff,                     )
                                          )        C.A NO. 1:23-cv-0211
v.                                        )
                                          )
P.A.M TRANSPORTATION SERVICES, INC.       )
and MELVIN BROWNRIDGE                     )
           Defendants.                    )
_____ )

**DISCLOSURE STATEMENT PURSUANT TO LOCAL RULE 7.1.1**
**OF PAM TRANSPORT, INC., INCORRECTLY NAMED**
**<u>AS P.A.M. TRANSPORTATION SERVICES, INC.</u>**

The filing party, PAM Transport, Inc.. is a wholly owned subsidiary of PAM
Transportation Services, Inc.

Dated:  March 28, 2023

                              Defendant,
                              PAM TRANSPORT, INC., incorrectly named as
                              P.A.M TRANSPORTATION SERVICES, INC.


                              By their attorney,


                              */s/ Andrew J. Fay*
                              Andrew J. Fay, NH Bar No. 21005
                              FAY LAW GROUP, LLC
                              One Boston Place, 26th Floor
                              Boston, Massachusetts 02108
                              T: 617.826.6006
                              F: 617.941.7100
                              AFay@FayLawGrp.com

## **CERTIFICATE OF SERVICE**

I, Andrew J. Fay, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via First Class Mail and/or electronic mail to those identified as non-participants on this date, March 28, 2023.


Patrick J. Devine, Esq.
Law Office of Patrick J. Devine, P.C.
4 Center Circle, P.O Box 295
Plaistow, NH 02865

Mark D. Wiseman, Esq.
Cleveland, Waters and Bass, P.A
Two Capital Plaza, 5th Floor
P.O. Box 1137
Concord, NH 03302

*/s/ Andrew J. Fay*
Andrew J. Fay

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
SUPERIOR COURT

_____
                                                              )
HELEN TOMILSON, individually and as          )
ADMINSTRATRIX of THE ESTATE OF JAMES  )
R. TOMILSON                                               )
              Plaintiff,                                      )
                                                              )     C.A NO. 1:23-cv-0211
v.                                                           )
                                                              )
P.A.M TRANSPORTATION SERVICES, INC.       )
and MELVIN BROWNRIDGE                          )
              Defendants.                                 )
_____)


**<u>DIVERSITY DISCLOSURE STATEMENT PURSUANT TO LOCAL RULE 7.1.1</u>**

Pursuant to Local Rule 7.1.1 Defendants, PAM Transport, Inc., incorrectly named as

P.A.M Transportation Services, Inc. and Melvin Brownridge submit the following Diversity

Disclosure Statement:

| PARTY | CITIZENSHIP |
|---|---|
| PAM Transport, Inc., incorrectly named as PAM Transportation Services, Inc. | Arkansas |
| Defendant PAM Transportation Services, Inc. (incorrectly named party) | Delaware, Arkansas |
| Defendant Melvin Brownridge | South Carolina |
| Plaintiff, Helen Tomilson | New Hampshire |


Dated:  March 28, 2023

                                        Defendants,
                                        PAM TRANSPORT, INC., incorrectly named as
                                        P.A.M TRANSPORTATION SERVICES, INC.
                                        and MELVIN BROWNRIDGE

By their attorney,

*/s/ Andrew J. Fay*
Andrew J. Fay, NH Bar No. 21005
FAY LAW GROUP, LLC
One Boston Place, 26th Floor
Boston, Massachusetts 02108
T: 617.826.6006
F: 617.941.7100
AFay@FayLawGrp.com

## CERTIFICATE OF SERVICE

I, Andrew J. Fay, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via First Class Mail and/or electronic mail to those identified as non-participants on this date, March 28, 2023.

Patrick J. Devine, Esq.
Law Office of Patrick J. Devine, P.C.
4 Center Circle, P.O Box 295
Plaistow, NH 02865

Mark D. Wiseman, Esq.
Cleveland, Waters and Bass, P.A
Two Capital Plaza, 5th Floor
P.O. Box 1137
Concord, NH 03302

*/s/ Andrew J. Fay*
Andrew J. Fay

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Helen Tomilson, Individually and as Administratrix of the Estate of James R. Tomilson

**DEFENDANTS**
PAM Transport, Inc., incorrectly named as P.A.M. Transportation Services, Inc. and Melvin Brownridge

**(b)** County of Residence of First Listed Plaintiff   Rockingham
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Washington
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Patrick J. Devine Law Office of Patrick J. Devine,P.C., 4 Center Circle, Plaistow, NH, 03865 (603) 382-6577

Attorneys *(If Known)*
Andrew J. Fay, Esq. Fay Law Group, LLC, One Boston Place, 26th Floor, Boston, MA 02108 (617) 826-6006

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| | | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [x] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sect. 1332, 28 U.S.C. sect. 1446
Brief description of cause:
Removal of wrongful death action arising out of motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   3/28/2023
SIGNATURE OF ATTORNEY OF RECORD   /s/ Andrew J. Fay

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

File Date: 1/24/2023 11:4
Rockingham Superior (
E-Filed Docu

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.

218-2023-CV-00111

SUPERIOR COURT

**JURY TRIAL REQUESTED**

Helen Tomilson, Individually and as Administratrix of the Estate of James R. Tomilson
41 Harvey Road
Deerfield, NH 03037

v.

P.A.M. Transportation Services, Inc.
297 West Henri de Tonti Boulevard
Tontitown, AR 72770

And

Melvin Brownridge
1815 Helen Street
Cayce, SC 29033

**COMPLAINT**

NOW COMES the Plaintiff, Helen Tomilson, individually and Administratrix of the Estate of James R. Tomilson, by and through her attorneys, The Law Office of Patrick J. Devine, P.C. and Cleveland, Waters and Bass, P.A., and hereby complains against P.A.M. Transportation Services, Inc. ("P.A.M.") and Melvin Brownridge and states as follows:

**PRELIMINARY STATEMENT**

1.     This is an action brought by the Plaintiff seeking compensation for injuries and damages sustained as a result of the negligence of the Defendants which resulted in the horrific death of fifty-four-year-old James Tomilson.

1

**PARTIES AND JURISDICTION**

2.      The Plaintiff, Helen Tomilson, in her individual capacity and as Administratrix of the Estate of James R. Tomilson, resides at 41 Harvey Road in Deerfield, New Hampshire.

3.      The Defendant, P.A.M., is a Delaware corporation with a principal place of business at 297 West Henri de Tonti Boulevard in Tontitown, Arkansas.

4.      Upon information and belief, P.A.M. provides trucking and transportation services in New Hampshire.

5.      The Defendant, Melvin Brownridge, resides at 1815 Helen Street in Cayce, South Carolina.

6.      This Court's exercise of jurisdiction over the subject matter of this lawsuit is proper pursuant to RSA 491:7.

7.      Venue lies within Superior Court of Rockingham County pursuant to RSA 507:9 because the Plaintiff resides in Rockingham County.

**FACTS**

8.      In September of 2021, James Tomilson was employed at a Wal-Mart Distribution Center ("the Property") located at 42 Freetown Road in Raymond, New Hampshire.

9.      On the morning of September 16, 2021, Mr. Tomilson was working at the Wal-Mart guard gate inspecting delivery trucks as they departed from the Property.

10.     On this particular morning, there were two trucks parked at the guard gate forming a line.  Mr. Tomilson was in the process of inspecting the first delivery truck in

line ("the Lead Truck.") There was also a truck located behind the Lead Truck ("the Rear Truck.")

11.     Upon information and belief, the Rear Truck was owned and/or leased by P.A.M. and operated by the Defendant, Melvin Brownridge.

12.     Mr. Tomilson was in the process of walking behind the Lead Truck to perform his inspection. At the same time, Mr. Brownridge had failed to put the Rear Truck in park and was not paying attention. Mr. Brownridge released his foot from the brake which caused the Rear Truck to accelerate into Mr. Tomilson's body, and pin and/or crush him.

13.     After the collision, emergency personnel arrived and tended to Mr. Tomilson. At that time, Mr. Tomilson was still alive, albeit in unimaginable pain. Emergency personnel indicated that his injuries were consistent with crushing injuries to his chest and legs.

14.     Mr. Tomilson's injuries were so extensive that emergency personnel determined he would not survive the drive to the hospital, and they continued lifesaving measures at the Property. He ultimately succumbed to his injuries and was pronounced dead later that morning.

### COUNT I – NEGLIGENCE (Melvin Brownridge)

15.     The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

16.     Melvin Brownridge owed a duty to James Tomilson to exercise reasonable care, to maintain control of his truck, to pay attention to the roadway and/or parking lot and exercise caution while operating a large commercial truck, and to operate in a

3

reasonable, safe manner, so that he did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers.

17.    Mr. Brownridge breached this duty and failed to exercise reasonable care when he, among other things, failed to maintain control of his truck, to pay attention to the roadway and/or parking lot and exercise caution while operating a large commercial truck, and to operate in a reasonable, safe manner, so that others, including Mr. Tomilson, would not be injured or killed. These breaches presented a foreseeable danger of death or injury to others.

18.    As a direct and proximate result of the Defendant's breached duties by failing to maintain control of a large commercial truck, Mr. Tomilson suffered fatal injuries.

19.    As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the imposing collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

20.    Wherefore, the Plaintiff demands judgment against Mr. Brownridge in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

## COUNT II-NEGLIGENCE *PER SE* (Melvin Brownridge)

21.    The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

4

22.     Mr. Brownridge had a duty to comply with NH RSA 265:79-b, which requires the operator of a motor vehicle to exercise caution to not drive in a manner which endangers another.

23.     As a pedestrian, Mr. Tomilson belonged to the class of persons that the aforementioned statute was designed to protect.

24.     The harm inflicted on Mr. Tomilson by Mr. Brownridge's negligent driving is the type of harm that RSA 265:79-b was designed to prevent.

25.     Mr. Brownridge violated the law and breached his duty when he failed to exercise caution, and to not drive in a manner which endangers another, especially considering the potential and actual hazards of the large vehicle he was operating. Mr. Brownridge also violated the law and breached his duty when he failed to drive lawfully and carefully in compliance with New Hampshire laws so that other persons in his line of travel would not be injured.

26.     As a direct and proximate result of the Defendant's breached duties, Mr. Tomilson suffered injuries which caused his death.

27.     As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

28. Accordingly, the Plaintiff demands judgment against Mr. Brownridge in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court..

### COUNT III – NEGLIGENCE (P.A.M.)

29. P.A.M. owed a duty to James Tomilson to exercise reasonable care in training its employees, to ensure its employees operate safely on the roadway and/or parking lot, to ensure its employees complied with all applicable motor vehicle statutes, and to ensure that its drivers did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers on the roadway and/or parking lot.

30. P.A.M., acting by and through its employees and agents, breached this duty and failed to exercise reasonable care when it, among other things, failed to property train Mr. Brownridge to operate safely on the roadway and/or parking lot, to ensure Mr. Brownridge did not operate a P.A.M. vehicle in a negligent manner, and to ensure that Mr. Brownridge did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers on the roadway and/or parking lot, all of which presented a foreseeable danger of death of a pedestrian encountering Mr. Brownridge on the roadway and/or parking lot.

31. As a direct and proximate result of P.A.M.'s breach of duty, Mr. Tomilson was crushed to death by a vehicle operated by a P.A.M. employee in a manner that constituted negligence. As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the

6

complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

32.    Accordingly, the Plaintiff demands judgment against P.A.M. in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

## COUNT IV-*RESPONDEAT SUPERIOR* (P.A.M.)

33.    The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

34.    The conduct of Defendant, Melvin Brownridge, alleged herein was within the course and scope of his employment or agency relationship with P.A.M.

35.    P.A.M. is vicariously liable under the doctrine of *respondeat superior* for the negligence of its agents and employees, including, without limitation, the Defendant, Melvin Brownridge, committed incidental to and/or within the scope of his employment or agency relationship, including, without limitation, when Mr. Brownridge failed to exercise caution to not drive in a manner which endangers another, especially considering the potential and actual hazards of the large vehicle and failed to operate his vehicle in a reasonable, safe manner and otherwise drive lawfully and carefully so that other persons, including Mr. Tomilson, would not be injured or killed.

36.    As a direct and proximate result of the Defendant's breached duties, Mr. Tomilson suffered injuries which caused his death.

37.    As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the impending collision, and loss of enjoyment of life prior

to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

38.     Accordingly, the Plaintiff demands judgment against P.A.M. in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

## COUNT V – LOSS OF CONSORTIUM (Melvin Brownridge and P.A.M.)

39.     The Plaintiff re-alleges and incorporate the facts contained in the above paragraphs as if fully set forth herein.

40.     The Plaintiff, Helen Tomilson, has been at all relevant times the legal wife of James Tomilson.

41.     As a direct and proximate result of the negligence of the Defendants, as set forth in the above paragraphs, and as a result of the injuries sustained by her husband and his subsequent death, Helen Tomilson has suffered a loss of society, companionship, services, and relations of her husband, and seeks damages in an amount sufficient to invoke the jurisdiction of this Court.

42.     Accordingly, the Plaintiff demands judgment against the Defendants in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

## JURY TRIAL

The Plaintiff demands a jury trial under New Hampshire law.

Respectfully submitted,
Helen Tomilson, individually and
as Administratrix of the Estate of James R. Tomilson

By Her Attorneys,
Law Office of Patrick J. Devine, P.C. and
Cleveland, Waters and Bass, P.A.

Date: January 24, 2023          /s/ Patrick J. Devine_____
                                Patrick J. Devine, Esquire (NH Bar 632)
                                Law Office of Patrick J. Devine, P.C.
                                4 Center Circle, P.O. Box 295
                                Plaistow, NH  03865
                                (603) 382-6577


Date: January 24, 2023          /s/ Mark D. Wiseman_____
                                Mark D. Wiseman, Esquire (NH Bar 2771)
                                Two Capital Plaza, 5th Floor
                                P.O. Box 1137
                                Concord, NH  03302-1137
                                (603) 224-7761

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:    **Helen Tomilson, et al v P.A.M. Transportation Services, Inc., et al**
Case Number:    **218-2023-CV-00111**

Date Complaint Filed: January 24, 2023
A Complaint has been filed against Melvin Brownridge; P.A.M. Transportation Services, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| March 16, 2023 | Helen Tomilson as Administratrix of the Estate of James R Tomilson; Helen Tomilson shall have this Summons and the attached Complaint served upon Melvin Brownridge; P.A.M. Transportation Services, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| April 06, 2023 | Helen Tomilson as Administratrix of the Estate of James R Tomilson; Helen Tomilson shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Melvin Brownridge; P.A.M. Transportation Services, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Melvin Brownridge; P.A.M. Transportation Services, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Mark D. Wiseman, ESQ | Cleveland Waters and Bass PA 2 Capital Plz 5th Fl PO Box 1137 Concord NH  03302 |
| P.A.M. Transportation Services, Inc. | 297 West Henri de Tonti Boulevard Tontitown AR  72770 |
| Melvin Brownridge | 1815 Helen Street Cayce SC  29033 |

BY ORDER OF THE COURT

True Copy Attest

January 30, 2023

Jennifer M. Haggar
Clerk of Court

NHJB-2678-Se (07/01/2018)

Jennifer M. Haggar, Clerk of Court

April 11, 2023

This is a Service Copy For Case: 218-2023-CV-00111
Rockingham Superior Court
4/11/2023 4:03 PM

(126954)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## HELEN TOMILSON AS ADMINISTRATRIX OF THE ESTATE OF JAMES R TOMILSON; HELEN TOMILSON
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:     **Helen Tomilson, et al v P.A.M. Transportation Services, Inc., et al**
Case Number:   **218-2023-CV-00111**

<u>**Instructions for:**</u> **Helen Tomilson as Administratrix of the Estate of James R Tomilson; Helen Tomilson**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **March 16, 2023**.

<u>**Further action is required by you**</u>
**You must:**
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

<u>**Sheriff Departments in New Hampshire:**</u>

Belknap County Sheriff's Department:            Hillsborough County Sheriff's Department:
Carroll County Sheriff's Department:            Merrimack County Sheriff's Department:
Cheshire County Sheriff's Department:           Rockingham County Sheriff's Department:
Coos County Sheriff's Department:               Strafford County Sheriff's Department:
Grafton County Sheriff's Department:            Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **March 16, 2023**.

If the Sheriff is unable to complete service by **March 16, 2023** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by April 06, 2023.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

NHJB-2678-Se (07/01/2018)

# Important Service Information for Sheriff
## <u>Do not file this with the court</u>
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
**PLEASE PRINT CLEARLY**

Date: _____          Case #: _____

### <u>Who are you requesting to be served?</u>
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____          APT #: _____

_____

Home phone #: _____          Cell phone #: _____

Sex: ☐ Male    ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx- _____ _____ _____ _____          D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

### <u>Your Information:</u>
Name (please print): _____

Residential address:          Mailing address:

_____          _____

_____          _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

## SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)

| | | |
|---|---|---|
| Fees Paid: $_____ Cash #: _____ Check#: _____ | | |
| Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____ | | |
| Sheriff File # _____ Authorization #: _____ | | |

<u>Instructions for filing the Return of Service</u>:
If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case".  Enter 218-2023-CV-00111 and click Next.

2. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3.  Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**


January 30, 2023                              Jennifer M. Haggar
Date                                          Clerk of Court


You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:     **Helen Tomilson, et al v P.A.M. Transportation Services, Inc., et al**
Case Number:     **218-2023-CV-00111**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **218-2023-CV-00111** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:   **Helen Tomilson, et al v P.A.M. Transportation Services, Inc., et al**
Case Number:   **218-2023-CV-00111**

Date Complaint Filed: January 24, 2023
A Complaint has been filed against Melvin Brownridge; P.A.M. Transportation Services, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| March 16, 2023 | Helen Tomilson as Administratrix of the Estate of James R Tomilson; Helen Tomilson shall have this Summons and the attached Complaint served upon Melvin Brownridge; P.A.M. Transportation Services, Inc. by hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| April 06, 2023 | Helen Tomilson as Administratrix of the Estate of James R Tomilson; Helen Tomilson shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Melvin Brownridge; P.A.M. Transportation Services, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Melvin Brownridge; P.A.M. Transportation Services, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Mark D. Wiseman, ESQ | Cleveland Waters and Bass PA 2 Capital Plz 5th Fl PO Box 1137 Concord NH  03302 |
| P.A.M. Transportation Services, Inc. | 297 West Henri de Tonti Boulevard Tontitown AR  72770 |
| Melvin Brownridge | 1815 Helen Street Cayce SC  29033 |

BY ORDER OF THE COURT

January 30, 2023                                    Jennifer M. Haggar

NHJB-2678-Se (07/01/2018)

Clerk of Court

(126954)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## HELEN TOMILSON AS ADMINISTRATRIX OF THE ESTATE OF JAMES R TOMILSON; HELEN TOMILSON
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:     **Helen Tomilson, et al v P.A.M. Transportation Services, Inc., et al**
Case Number:   **218-2023-CV-00111**

<u>**Instructions for:**</u> **Helen Tomilson as Administratrix of the Estate of James R Tomilson; Helen
Tomilson**
The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed
on or before **March 16, 2023**.
<u>**Further action is required by you**</u>
**You must:**
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each
  defendant resides.**
<u>**Sheriff Departments in New Hampshire:**</u>

| | |
|---|---|
| Belknap County Sheriff's Department: | Hillsborough County Sheriff's Department: |
| Carroll County Sheriff's Department: | Merrimack County Sheriff's Department: |
| Cheshire County Sheriff's Department: | Rockingham County Sheriff's Department: |
| Coos County Sheriff's Department: | Strafford County Sheriff's Department: |
| Grafton County Sheriff's Department: | Sullivan County Sheriff's Department: |

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **March 16, 2023**.

If the Sheriff is unable to complete service by **March 16, 2023** you will receive a "Notice of Incomplete
Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically
filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service'
with the court by April 06, 2023.

**If service is not made as directed, no further action will occur and the case may be dismissed by
the court.**

NHJB-2678-Se (07/01/2018)

# Important Service Information for Sheriff
## <u>Do not file this with the court</u>
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
**PLEASE PRINT CLEARLY**

Date: _____          Case #: _____

**<u>Who are you requesting to be served?</u>**
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____          APT #: _____

_____

Home phone #: _____          Cell phone #: _____

Sex: ☐ Male   ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx- _____ _____ _____ _____          D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

**<u>Your Information:</u>**
Name (please print): _____

Residential address:                    Mailing address:

_____          _____

_____          _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦**IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL**♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

Fees Paid: $_____ Cash #: _____ Check#: _____
Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____
Sheriff File # _____ Authorization #: _____

NHJB-2678-Se (07/01/2018)

<u>Instructions for filing the Return of Service</u>:
If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: <u>www.courts.state.nh.us</u>, select the Electronic Services icon and then select the option for a self-represented party.

5. Select "I am filing into an existing case".  Enter 218-2023-CV-00111 and click Next.

6. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

7.  Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

8. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**


January 30, 2023 _____                    Jennifer M. Haggar _____
Date                                                                      Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to <u>https://odypa.nhecourt.us/portal</u> and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **Helen Tomilson, et al v P.A.M. Transportation Services, Inc., et al**
Case Number:    **218-2023-CV-00111**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

6.  Complete the registration/log in process.  Click Register and follow the prompts.

7.  After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

8.  Select "I am filing into an existing case".  Enter **218-2023-CV-00111** and click Next.

9.  When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

10. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

NHJB-2678-Se (07/01/2018)