UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|   |   |
|---|---|
| HELEN TOMILSON, individually and as ADMINISTRATRIX of the ESTATE OF JAMES R. TOMILSON<br><br>Plaintiff,<br><br>v.<br><br>PAM TRANSPORT, INC., and MELVIN BROWNRIDGE<br><br>Defendants. | Case No. 1:23-cv-211-AJ |

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, Helen Tomilson, individually and Administratrix of the Estate of James R. Tomilson, by and through her attorneys, The Law Office of Patrick J. Devine, P.C. and Cleveland, Waters and Bass, P.A., and hereby complains against PAM Transport, Inc., ("PAM") and Melvin Brownridge and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by the Plaintiff seeking compensation for injuries and damages sustained as a result of the negligence of the Defendants which resulted in the horrific death of fifty-four-year-old James Tomilson.

**PARTIES AND JURISDICTION**

2. The Plaintiff, Helen Tomilson, in her individual capacity and as Administratrix of the Estate of James R. Tomilson, resides at 41 Harvey Road in Deerfield, New Hampshire.

3. The Defendant, PAM, is an Arkansas corporation with a principal place of business at 297 West Henri de Tonti Boulevard in Tontitown, Arkansas.

1

4. Upon information and belief, PAM provides trucking and transportation services in New Hampshire.

5. The Defendant, Melvin Brownridge, resides at 1815 Helen Street in Cayce, South Carolina.

6. This Court's exercise of jurisdiction over the subject matter of this lawsuit is proper pursuant to 28 U.S.C. § 1332(a) as the parties are completely diverse and the amount in controversy exceeds $75,000.

7. Venue lies within the District Court of New Hampshire pursuant to 28 U.S.C. 1391.

**FACTS**

8. In September of 2021, James Tomilson was employed at a Wal-Mart Distribution Center ("the Property") located at 42 Freetown Road in Raymond, New Hampshire.

9. On the morning of September 16, 2021, Mr. Tomilson was working at the Wal-Mart guard gate inspecting delivery trucks as they departed from the Property.

10. On this particular morning, there were two trucks parked at the guard gate forming a line. Mr. Tomilson was in the process of inspecting the first delivery truck in line ("the Lead Truck.") There was also a truck located behind the Lead Truck ("the Rear Truck.")

11. Upon information and belief, the Rear Truck was owned and/or leased by PAM and operated by the Defendant, Melvin Brownridge.

12. Mr. Tomilson was in the process of walking behind the Lead Truck to perform his inspection. At the same time, Mr. Brownridge had failed to put the Rear Truck in park and was not paying attention. Mr. Brownridge released his foot from the brake which caused the Rear Truck to accelerate into Mr. Tomilson's body, and pin and/or crush him.

13. After the collision, emergency personnel arrived and tended to Mr. Tomilson. At that time, Mr. Tomilson was still alive, albeit in unimaginable pain. Emergency personnel indicated that his injuries were consistent with crushing injuries to his chest and legs.

14. Mr. Tomilson's injuries were so extensive that emergency personnel determined he would not survive the drive to the hospital, and they continued lifesaving measures at the Property. He ultimately succumbed to his injuries and was pronounced dead later that morning.

## COUNT I – NEGLIGENCE (Melvin Brownridge)

15. The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

16. Melvin Brownridge owed a duty to James Tomilson to exercise reasonable care, to maintain control of his truck, to pay attention to the roadway and/or parking lot and exercise caution while operating a large commercial truck, and to operate in a reasonable, safe manner, so that he did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers.

17. Mr. Brownridge breached this duty and failed to exercise reasonable care when he, among other things, failed to maintain control of his truck, to pay attention to the roadway and/or parking lot and exercise caution while operating a large commercial truck, and to operate in a reasonable, safe manner, so that others, including Mr. Tomilson, would not be injured or killed. These breaches presented a foreseeable danger of death or injury to others.

18. As a direct and proximate result of the Defendant's breached duties by failing to maintain control of a large commercial truck, Mr. Tomilson suffered fatal injuries.

19. As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and anticipation of the imposing collision, and loss of enjoyment of life prior to his death; he lost the

enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

20. Wherefore, the Plaintiff demands judgment against Mr. Brownridge in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### COUNT II-NEGLIGENCE *PER SE* (Melvin Brownridge)

21. The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

22. Mr. Brownridge had a duty to comply with NH RSA 265:79-b, which requires the operator of a motor vehicle to exercise caution to not drive in a manner which endangers another.

23. As a pedestrian, Mr. Tomilson belonged to the class of persons that the aforementioned statute was designed to protect.

24. The harm inflicted on Mr. Tomilson by Mr. Brownridge's negligent driving is the type of harm that RSA 265:79-b was designed to prevent.

25. Mr. Brownridge violated the law and breached his duty when he failed to exercise caution, and to not drive in a manner which endangers another, especially considering the potential and actual hazards of the large vehicle he was operating. Mr. Brownridge also violated the law and breached his duty when he failed to drive lawfully and carefully in compliance with New Hampshire laws so that other persons in his line of travel would not be injured.

26. As a direct and proximate result of the Defendant's breached duties, Mr. Tomilson suffered injuries which caused his death.

27. As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and

anticipation of the impending collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

28. Accordingly, the Plaintiff demands judgment against Mr. Brownridge in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### COUNT III – NEGLIGENCE (PAM)

29. PAM owed a duty to James Tomilson to exercise reasonable care in training its employees, to ensure its employees operate safely on the roadway and/or parking lot, to ensure its employees complied with all applicable motor vehicle statutes, and to ensure that its drivers did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers on the roadway and/or parking lot.

30. PAM, acting by and through its employees and agents, breached this duty and failed to exercise reasonable care when it, among other things, failed to property train Mr. Brownridge to operate safely on the roadway and/or parking lot, to ensure Mr. Brownridge did not operate a PAM vehicle in a negligent manner, and to ensure that Mr. Brownridge did not otherwise pose an unreasonable risk of harm to pedestrians or other drivers on the roadway and/or parking lot, all of which presented a foreseeable danger of death of a pedestrian encountering Mr. Brownridge on the roadway and/or parking lot.

31. As a direct and proximate result of PAM's breach of duty, Mr. Tomilson was crushed to death by a vehicle operated by a PAM employee in a manner that constituted negligence. As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and

anticipation of the impending collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

32. Accordingly, the Plaintiff demands judgment against PAM in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

## COUNT IV-*RESPONDEAT SUPERIOR* (PAM)

33. The Plaintiff re-alleges and incorporates the facts contained in the above paragraphs as if fully set forth herein.

34. The conduct of Defendant, Melvin Brownridge, alleged herein was within the course and scope of his employment or agency relationship with PAM.

35. PAM is vicariously liable under the doctrine of *respondeat superior* for the negligence of its agents and employees, including, without limitation, the Defendant, Melvin Brownridge, committed incidental to and/or within the scope of his employment or agency relationship, including, without limitation, when Mr. Brownridge failed to exercise caution to not drive in a manner which endangers another, especially considering the potential and actual hazards of the large vehicle and failed to operate his vehicle in a reasonable, safe manner and otherwise drive lawfully and carefully so that other persons, including Mr. Tomilson, would not be injured or killed.

36. As a direct and proximate result of the Defendant's breached duties, Mr. Tomilson suffered injuries which caused his death.

37. As a further result, James Tomilson experienced physical pain and suffering, emotional distress, including but not limited to, mental anguish he suffered in realization and

anticipation of the impending collision, and loss of enjoyment of life prior to his death; he lost the enjoyment of his life after his death; his Estate suffered the complete loss of his income and earning capacity; and his Estate incurred medical bills and funeral expenses.

38.     Accordingly, the Plaintiff demands judgment against PAM in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

### COUNT V – LOSS OF CONSORTIUM (Melvin Brownridge and PAM)

39.     The Plaintiff re-alleges and incorporate the facts contained in the above paragraphs as if fully set forth herein.

40.     The Plaintiff, Helen Tomilson, has been at all relevant times the legal wife of James Tomilson.

41.     As a direct and proximate result of the negligence of the Defendants, as set forth in the above paragraphs, and as a result of the injuries sustained by her husband and his subsequent death, Helen Tomilson has suffered a loss of society, companionship, services, and relations of her husband, and seeks damages in an amount sufficient to invoke the jurisdiction of this Court.

42.     Accordingly, the Plaintiff demands judgment against the Defendants in an amount sufficient to compensate Helen Tomilson and the Estate, together with interest and costs, and within the jurisdictional limit of this Court.

## JURY TRIAL

The Plaintiff demands a jury trial under New Hampshire law.

                                      Respectfully submitted,
                                      Helen Tomilson, individually and
                                      as Administratrix of the Estate of James R. Tomilson

                                      By Her Attorneys,
                                      Law Office of Patrick J. Devine, P.C. and
                                      Cleveland, Waters and Bass, P.A.

Date:  April 21, 2023            /s/ Patrick J. Devine
                                      Patrick J. Devine, Esquire (NH Bar 632)
                                      Law Office of Patrick J. Devine, P.C.
                                      4 Center Circle, P.O. Box 295
                                      Plaistow, NH  03865
                                      (603) 382-6577

Date:  April 21, 2023            /s/ Mark D. Wiseman
                                      Mark D. Wiseman, Esquire (NH Bar 2771)
                                      Two Capital Plaza, 5th Floor
                                      P.O. Box 1137
                                      Concord, NH  03302-1137
                                      (603) 224-7761

## CERTIFICATE OF SERVICE

I hereby certify that the within pleading is being served electronically upon counsel listed below through the court's ECF system.

    Andrew J. Fay, Esquire.

Date:  April 21, 2023            /s/ Mark D. Wiseman
                                      Mark D. Wiseman, Esquire